UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JAMES SOTTILE, Mayor of the City of
Kingston; JAMES L. NOBLE, JR.,
Alderman-at-Large of the City of
Kingston; WILLIAM P. REYNOLDS;
and ANDI TURCO-LEVIN, Alderman
of the City of Kingston, all individually
and on behalf of all other taxpayers of the
City of Kingston,

      Plaintiffs,

 -against-               1:10-CV-01237 (LEK/DRH)

COUNTY OF ULSTER; FREDERICK
WADNOLA, Chairman of the Ulster
County Legislature, on behalf of Ulster
County Legislature; and ROBERTO
RODRIGUEZ, Commissioner of the
Ulster County Department of Social
Services, on behalf of Ulster County
Department of Social Services,

      Defendants.

## **DECISION and ORDER**

**I. INTRODUCTION**

On September 7, 2010, Plaintiffs James Sottile, Mayor of the City of Kingston; James L. Noble, Jr., Alderman-at-Large of the City of Kingston; William P. Reynolds; and Andi Turco-Levin, Alderman of the City of Kingston (collectively, "Plaintiffs"), all individually and on behalf of all other similarly situated taxpayers of the City of Kingston, commenced this action by filing a Summons and Complaint in New York Supreme Court, Ulster County.  Dkt. No. 1 ("Removal Notice"); Ex. 1 ("Complaint").  On October 15, 2010, Defendants removed the action to the United States District Court in the Northern District of New York pursuant to 28 U.S.C. § 1331.  <u>Id.</u>

Presently before the Court is Defendants' Motion to dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). See Dkt. No. 6 ("Motion") at 2. For the reasons that follow, Defendants' Motion is denied, and the action is remanded to New York Supreme Court, Ulster County, for further proceedings.

## II.   BACKGROUND

All Plaintiffs live in the City of Kingston ("Kingston"), and pay taxes to Kingston, Ulster County, and the State of New York. Compl. ¶ 1. Plaintiffs brought this action on behalf of all residents of the City of Kingston who pay taxes to the City of Kingston. Id. ¶ 2. Plaintiffs challenge the tax mechanisms used to fund the Safety Net Assistance Program ("Safety Net"), which provides cash assistance to eligible individuals and families. Dkt. No. 6-2 ("McCarthy Declaration") ¶ 5. Safety Net recipients must meet all applicable eligibility criteria, including household income and available resources, and can generally receive cash benefits for a maximum of twenty-four months. Id. ¶¶ 6-7.

The costs of the Safety Net program are divided evenly between New York State and municipalities. Id. ¶ 8. Under New York law, the local share of these costs are borne, by default, directly by individual towns and cities. N.Y. Soc. Serv. Law § 69(1)-(2). However, a county board of supervisors may adopt a resolution directing that the costs instead be borne at the county level. Id. § 72(1). Plaintiffs concede that state law does not require a county to pass a resolution shifting the local share of Safety Net expenses from towns and cities to the county. Dkt. No. 12 ("Barnett Affidavit") ¶ 5. However, Plaintiffs allege that Ulster County is the only county in New York State that has not yet adopted such a resolution, even though there have been multiple proposals raised before the Ulster County Legislature. Id. ¶ 5-6. Plaintiffs claim that the combined effect of these

state laws and local actions has been to impose a much greater share of this tax burden on taxpayers from the City of Kingston, in violation of the Kingston taxpayers' right to equal protection of the laws.  Compl. ¶¶ 15, 27, 32.

Plaintiffs seek an order enjoining Ulster County from levying any taxes for this program until the method of apportionment is modified, and awarding Plaintiffs a refund of any past overpayment of taxes.  Compl. at 7-8.  Plaintiffs also seek a declaratory judgment stating that the statutory provisions of New York Social Services Law §§ 69 and 72 violate the equal protection provisions of both the federal and state constitutions, and an order directing the Ulster County Legislature to adopt a statute shifting the local share of Safety Net costs from towns and cities to the county.  Compl. at 7.

### III.   DISCUSSION

Defendants removed to federal court under 28 U.S.C. § 1331, asserting that federal jurisdiction was proper as Plaintiffs' claims presented a substantial federal question.  Removal Notice at 1.  However, regardless of whether the issue is raised by the parties, a district court is required to inquire into and determine whether federal subject matter jurisdiction in a removed action exists.  Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 295-96 (2d Cir. 2000); see also Coll. Standard Magazine v. Student Ass'n of SUNY Albany, 610 F.3d 33, 35 (2d Cir. 2010) (federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*") (quoting Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006)).

Although Plaintiffs' claims indeed raise federal questions, federal jurisdiction is foreclosed by the Tax Injunction Act ("TIA").  The TIA provides that "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain,

3

speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  Municipal and local taxes constitute state taxes for purposes of the Tax Injunction Act.  See, e.g., Hibbs v. Winn, 542 U.S. 88, 100 n.1 (2004); Izzo v. City of Syracuse, No. 98-CV-0778, 2000 WL 1222014, at *3 n.3 (N.D.N.Y. Aug. 3, 2000).  Federal courts are therefore barred from granting declaratory and injunctive relief in suits "in which the state taxpayers seek federal-court orders enabling them to avoid paying state taxes," as long as there is an efficient remedy available in the state courts.  Hibbs, 542 U.S. at 107.

Without opining on the merits of any of Plaintiffs' claims, the Court concludes that the relief sought by Plaintiffs falls under the TIA.  Plaintiffs each brought this action "individually and on behalf of all other taxpayers of the City of Kingston."  Compl. at 1.  Plaintiffs' request that Ulster County be enjoined from levying real property taxes to fund the Safety Net program is barred by the plain text of the TIA.  28 U.S.C. § 1341; see also Forjone v. Leavitt, No. 05CV395A, 2008 WL 1926680, at *3-4 (W.D.N.Y. Apr. 30, 2008) (report-recommendation) (action seeking to "restrain the collection of local property taxes to the extent they are to be used to fund Medicaid" barred by TIA), adopted by Forjone v. Leavitt, No. 05-CV-395A, 2008 WL 2169656 (W.D.N.Y. May 22, 2008).  The TIA also bars Plaintiffs' pleas for a declaratory judgment, Barringer v. Griffes, 964 F.2d 1278, 1280 (2d Cir. 1992), and for a refund of any past overpayment of taxes.  Hibbs, 542 U.S. at 91 (the TIA's "undisputed compass" includes "plaintiffs who mounted federal litigation to . . . gain a refund of such taxes").

Even if Plaintiffs are seeking relief that falls under the ambit of the TIA, federal courts retain subject matter jurisdiction if state remedies are not "plain, speedy, and efficient."  28 U.S.C. § 1341; Schulz v. Washington County Bd. of Supervisors, No. 1:04-CV-1375, 349 F. Supp. 2d 375, 378

(N.D.N.Y. 2004) (Kahn, J.) (citing <u>Kraebel v. N.Y.C. Dept. of Hous. Pres. and Dev.</u>, 959 F.2d 395, 400 (2d Cir. 1992)).  "A state remedy is plain, speedy, and efficient if it is procedurally adequate." <u>Long Island Lighting Co. v. Town of Brookhaven</u>, 889 F.2d 428, 431 (2d Cir. 1989) (citation omitted).  "A state need only provide a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.'"  <u>Id.</u> (quoting <u>Rosewell v. Lasalle Nat'l Bank</u>, 450 U.S. 503, 514 (1981)).  Here, the Court finds that each of Plaintiffs' claims can adequately be addressed in state court – where Plaintiffs initially filed this action.  <u>See, e.g.</u>, <u>Long Island Lighting Co.</u>, 889 F.2d at 431 ("New York provides several remedies which afford . . . an opportunity to raise all constitutional objections to the real property taxes imposed").

**IV.   CONCLUSION**

Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, this case is remanded to New York Supreme Court, Ulster County, for further proceedings.  <u>See</u> 28 U.S.C. § 1447(c) ("If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is hereby:

**ORDERED**, that this action be **REMANDED** to the Supreme Court of the State of New York, County of Ulster, for further proceedings; and it is further

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     March 15, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge